*Adding Parties*
*Summons Issued*

**BAKER LESHKO SALINE & BLOSSER, LLP**
*ATTORNEYS FOR PLAINTIFF*
**ONE NORTH LEXINGTON AVENUE**
**WHITE PLAINS, NEW YORK 10601-1712**
914.681.9500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HEATHER L. EASON,                       :     **JURY TRIAL DEMANDED**

        Plaintiff,         :     08 Civ. 3557 (SCR)

    -against-                        :     **AMENDED COMPLAINT**

GP AVIATION SERVICES, LLC               :
EAST WEST FLIGHT, LLC and
THOMAS CONNELLY,                        :

        Defendants.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff, Heather L. Eason, complaining of the above-mentioned defendants, by her attorneys, Baker Leshko Saline & Blosser, LL, states as follows:

### Parties

1.    Plaintiff Heather L. Eason is a citizen and resident of the State of New Jersey.

2.    Defendant GP Aviation Services, LLC (hereinafter "GP") is a limited liability company organized under and existing pursuant to the laws of the

1

State of Delaware and has a principal place of business within the County of Westchester, State of New York.

3. Upon information and belief, GP is in the business of, *inter alia*, leasing and managing aircraft for owners of the same.

4. Defendant East West Flight LLC (hereinafter "East West") is a limited liability company formed under and existing pursuant to the laws of a State other than New Jersey and has a principal place of business within the State of California.

5. Upon information and belief, at all relevant times herein, East West was the owner of a certain Gulfstream jet aircraft, model G-4, bearing tail number N788MT (the "Aircraft").

6. Upon information and belief, defendant Thomas Connelly is a citizen and resident of the State of Connecticut.

## Jurisdiction and Venue

7. The amount in controversy exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interests and costs.

8. This Court has jurisdiction over this matter pursuant to 28 USC § 1332 (diversity of citizenship).

9. Venue in this matter is proper pursuant to 28 USC § 1391(a).

## Background

10. At all times relevant herein, Ms. Eason was a flight attendant on the Aircraft which was based at the Westchester County Airport, Westchester County, New York.

11. On or about February 2, 2007 while Ms. Eason was on board the Aircraft somewhere over the airspace of Louisiana and/or Texas, the pilot, a gentlemen by the name of Gary, last name unknown, of the Aircraft entered into a turbulent zone. Instead of taking the Aircraft out of such turbulent zone, he allowed the co-pilot of the Aircraft, upon information and belief Thomas Connelly, to take control of the Aircraft and continue in such turbulent zone in an effort to give the co-pilot experience in flying a G-4 jet aircraft.

12. Upon entering into such turbulent zone, the pilot and the co-pilot failed to announce or warn the passengers of the Aircraft that the plane had entered a turbulent zone and that they should sit down and seat belt themselves.

13. Due the errors and omissions and inexperience of the pilot and/or co-pilot, Ms. Eason was caused to hit her body upon the roof of the cabin of the Aircraft.

14. Upon her hitting the roof of the cabin of the Aircraft, Ms. Eason was caused to suffer serious and permanent injuries, including, but not limited to, a broken shoulder with resultant permanent loss of use of the same.

15. East West was responsible for the proper operation, staffing and maintenance of the Aircraft at all relevant times herein.

16. GP was responsible for the proper operation, staffing and maintenance of the Aircraft at all relevant times herein.

17. At all relevant times herein, the Pilot and Co-Pilot of the Aircraft were the employees, agents and/or servants of, or otherwise under the control and direction of East West.

18. At all relevant times herein, the Pilot and Co-Pilot of the Aircraft were the employees, agents and/or servants of, or otherwise under the control and direction of GP.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (Vicarious Liability – East West)

19. The pilot and/or co-pilot of the Aircraft breached their obligation to Ms. Eason to maintain and/or pilot the Aircraft in a proper and non-negligent manner.

20. Due to such breach of their duty, Ms. Eason was suffered to cause damage.

21. Ms. Eason has been damaged.

22. Pursuant to principles of respondent superior and vicarious liability, East West is liable to Ms. Eason for the injuries she sustained aboard the Aircraft.

## AS AND FOR A SECOND CLAIM FOR RELIEF

### (Vicarious Liability – GP)

23. Plaintiff realleges and repeats the allegations and statements contained in paragraphs "1" through "22" of this complaint as if more fully set forth herein.

24. The pilot and/or co-pilot of the Aircraft breached their obligation to Ms. Eason to maintain and pilot the Aircraft in a proper and non-negligent manner.

25. Due to such breach of their duty, Ms. Eason was suffered to cause damage.

26. Ms. Eason has been damaged.

27. Pursuant to principles of respondent superior and/or vicarious liability, GP is liable to Ms. Eason for the injuries she sustained aboard the Aircraft.

## AS AND FOR A THIRD CLAIM FOR RELIEF

### (Negligence – GP)

28. Plaintiff realleges and repeats the allegations and statements contained in paragraphs "1" through "27" as if more fully set forth herein.

29. GP as the manager/lessee of the Aircraft owed Ms. Eason a duty to have the Aircraft flown in a proper and non-negligent manner, including, but not limited to, allowing an inexperienced co-pilot to operate the Aircraft.

30. GP breached such duty to Ms. Eason.

31. Due to the breach of such duty, Ms. Eason was injured.

### AS AND FOR A FOURTH CLAIM FOR RELIEF

#### (Negligence – East West)

32. Plaintiff realleges and repeats the allegations and statements contained in paragraphs "1" through "31" of this complaint as if more fully set forth herein.

33. East West as the owner of the Aircraft owed Ms. Eason a duty to have the Aircraft flown in a proper and non-negligent manner, including, but not limited to, allowing an inexperienced co-pilot to operate the Aircraft.

34. East West breached such duty to Ms. Eason.

35. Due to the breach of such duty, Ms. Eason was injured.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

### (Negligence – Thomas Connelly)

36. Plaintiff realleges and repeats the allegations and statements contained in paragraphs "1" through "35" of this complaint as if more fully set forth herein.

37. Defendant Connelly owed Ms. Eason to pilot the Aircraft in a proper and non-negligent manner.

38. Defendant Connelly breached such duty.

39. Due to the breach of such duty, Ms. Eason has been injured.

WHEREFORE, plaintiff demands judgment as follows:

1. On the first claim for relief, an amount to be determined by this Court, but in excess of the jurisdiction of all inferior Courts;

2. On the second claim for relief, an amount to be determined by this Court, but in excess of the jurisdiction of all inferior Courts;

3. On the third claim for relief, an amount to be determined by this Court, but in excess of the jurisdiction of all inferior Courts;

4. On the fourth claim for relief, an amount to be determined by this Court, but in excess of the jurisdiction of all inferior Courts;

5. On the fifth claim for relief, an amount to be determined by this Court, but in excess of the jurisdiction of all inferior Courts;

6. Costs and disbursements of this action; and

7. For all other, further and different relief this Court deems just.

Dated: White Plains, New York
       June 10, 2008

                **BAKER LESHKO SALINE & BLOSSER, LLP**
                **Attorneys for Plaintiff**

                By: /s/ Mitchell J. Baker
                Mitchell J. Baker (MB-4339)
                **One North Lexington Avenue**
                **White Plains, New York 10601-1712**
                914.681.9500