UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

HEATHER L. EASON,                              Civil Action No. 08 CIV. 3557
                Plaintiff,                         (Judge Robinson)

      -against-

GP AVIATION SERVICES, LLC,
EAST WEST FLIGHT, LLC and                      ANSWER OF GP AVIATION
THOMAS CONNELLY,

                Defendants.

----------------------------------------------------------------x

Defendant GP AVIATION SERVICES, LLC ("GP Aviation"), by its attorneys, McKeegan and Shearer, P.C., as and for its Answer to the plaintiff's Amended Complaint, dated June 10, 2008, states as follows, upon information and belief:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Amended Complaint.

2. Denies the allegations contained in paragraphs "2" and "3" of the Amended Complaint except states that it is a limited liability company organized and existing pursuant to the laws of the State of Delaware with its principal place of business in the County of Westchester in the State of New York and is in the business of managing aircraft.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "4" and "5" of the Amended Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "6" and "7" of the Amended Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "8" and "9" of the Amended Complaint and refers issues of law to this court for determination.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Amended Complaint.

7. Denies the allegations contained in paragraphs "11", "12", "13" and "14" of the Amended Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Amended Complaint and refers legal duties and obligations to this court for determination.

9. Denies the allegations contained in paragraph "16" of the Amended Complaint except states that it operated, staffed and maintained the aircraft pursuant to an Aircraft Management Agreement, entered on December 29, 2006 between GP Aviation and Madison Tyler, LLC and refers legal duties and obligations to the court for determination..

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Amended Complaint and refers all legal relationships to this court for determination.

11. Denies the allegations contained in paragraph "18" of the Amended Complaint and refers all legal relationships to this court for determination.

12. Denies the allegations contained in paragraphs "19" and "20" of the Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Amended Complaint.

14. Denies the allegations contained in paragraph "22" of the Amended Complaint.

15. As and for its Answer to the allegations contained in paragraph "23" of the Complaint, repeats, reiterates and re-alleges paragraphs "1" through "14" hereof as if set forth at length herein.

16. Denies the allegations contained in paragraphs "24" and "25" of the Amended Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Amended Complaint.

18. Denies the allegations contained in paragraph "27" of the Amended Complaint.

19. As and for its Answer to the allegations contained in paragraph "28" of the Amended Complaint, repeats, reiterates and re-alleges paragraphs "1" through "18" hereof as if set forth at length herein.

20. Denies the allegations contained in paragraph "29" of the Amended Complaint and refers issues of law to this court for determination.

21. Denies the allegations contained in paragraphs "30" and "31" of the Amended Complaint.

22. As and for its Answer to the allegations contained in paragraph "32" of the Amended Complaint, repeats, reiterates and re-alleges paragraphs "1" through "21" hereof as if set forth at length herein.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Amended Complaint and refers issues of law to this court for determination.

24. Denies the allegations contained in paragraphs "34" and "35" of the Amended Complaint.

25. As and for its Answer to the allegations contained in paragraph "36" of the Amended Complaint, repeats, reiterates and re-alleges paragraphs "1" through "24" hereof as if set forth at length herein.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Amended Complaint and refers issues of law to this court for determination.

27. Denies allegations contained in paragraphs "38" and "39" of the Amended Complaint and refers issues of law to this court for determination.

AS AND FOR A FIRST SEPARATE AFFIRMATIVE
DEFENSE TO THE AMENDED COMPLAINT
OF PLAINTIFF, GP AVIATION STATES:

28. The Complaint fails to state a claim upon which relief can be granted.

AS AND FOR A SECOND SEPARATE AFFIRMATIVE
DEFENSE TO THE AMENDED COMPLAINT
OF PLAINTIFF, GP AVIATION STATES:

29. Plaintiff's claims and causes of action are precluded pursuant to New York's Workers' Compensation Law, or other applicable statutes.

AS AND FOR A THIRD SEPARATE AFFIRMATIVE
DEFENSE TO THE AMENDED COMPLAINT
OF PLAINTIFF, GP AVIATION STATES:

30. The plaintiff's injuries were caused in whole or in part by the culpable conduct of plaintiff, including her comparative negligence, contributory negligence and assumption of risk of injury. Plaintiff's culpable conduct is a bar to plaintiff's recovery or, in the alternative, shall diminish those damages sought in the proportion to which plaintiff's culpable conduct bears to the culpable conduct, which caused those damages.

AS AND FOR A FOURTH SEPARATE AFFIRMATIVE
DEFENSE TO THE AMENDED COMPLAINT
OF PLAINTIFF, GP AVIATION STATES:

31. If the plaintiff sustained any damages or injuries as alleged in the Complaint, then such injuries or damages were suffered, in whole or in part, not by reason of any fault on the part of defendant, but rather by reason of the fault of others over whom this defendant had no control.

AS AND FOR A FIFTH SEPARATE AFFIRMATIVE
DEFENSE TO THE AMENDED COMPLAINT
OF PLAINTIFF, GP AVIATION STATES:

32. This action does not fall within any exception enumerated in CPLR Article 16, and, if liability of this defendant is found to be fifty percent or less of the total liability assigned to all persons liable, the liability of this defendant shall not exceed its equitable share determined in accordance with the relative culpability of each person contributing to the total liability for non-economic loss.

AS AND FOR A SIXTH SEPARATE AFFIRMATIVE
DEFENSE TO THE AMENDED COMPLAINT
OF PLAINTIFF, GP AVIATION STATES:

33. Plaintiff's recovery against this defendant, if any, should be set-off and reduced by an amount of money or compensation the plaintiff received by settlement or judgment rendered in any prior legal proceeding or otherwise.

AS AND FOR A SEVENTH SEPARATE AFFIRMATIVE
DEFENSE TO THE AMENDED COMPLAINT
OF PLAINTIFF, GP AVIATION STATES:

34. At trial, the Court should reduce any award for past or future medical care, lost earnings or other economic loss, replaced by a collateral source or expected to be replaced by a collateral source.

AS AND FOR AN EIGHTH SEPARATE AFFIRMATIVE
DEFENSE TO THE AMENDED COMPLAINT
OF PLAINTIFF, GP AVIATION STATES:

35.     To the extent that plaintiff failed to take reasonable action to mitigate the injuries and damages alleged in the Complaint, plaintiff may not recover against this defendant.

AS AND FOR A NINTH SEPARATE AFFIRMATIVE
DEFENSE TO THE AMENDED COMPLAINT
OF PLAINTIFF, GP AVIATION STATES:

36.     Plaintiff's claims and causes of action are barred by the principles of laches and waiver.

AS AND FOR A TENTH SEPARATE AFFIRMATIVE
DEFENSE TO THE AMENDED COMPLAINT
OF PLAINTIFF, GP AVIATION STATES:

37.     Any injuries that plaintiff sustained were caused by an Act of God.

AS AND FOR AN ELEVENTH SEPARATE AFFIRMATIVE
DEFENSE TO THE AMENDED COMPLAINT
OF PLAINTIFF, GP AVIATION STATES:

38.     Plaintiff's claims are preempted by applicable federal law.

WHEREFORE, defendant GP AVIATION SERVICES, LLC demands judgment dismissing the Complaint and awarding it the expenses of this action, including attorneys' fees,

and such other and further relief as the Court may deem just and proper.


Dated:  New York, New York
       July 3, 2008                     McKEEGAN & SHEARER, P.C.


                                         By____/s/_____
                                            George P. McKeegan (GPM 8602)
                                            (A Shareholder of the Firm)
                                   Attorneys for Defendant GP Aviation
                                   192 Lexington Avenue
                                   New York, New York 10016
                                   (212) 661-4200


TO:    BAKER LESHKO SALINE & BLOSSER, LLP
          Attorneys for Plaintiff
          One North Lexington Avenue
          White Plains, New York 10601-1712
          (914) 681-9500

# AFFIDAVIT OF MAILING

STATE OF NEW YORK      )
                                               ss.:
COUNTY OF NEW YORK  )

LINDA ARCARA, being duly sworn, deposes and says:

That I am not a party to this action, am over the age of 18 years and reside in Bayside, New York.

That on the 11th day of July 2008, I served a true copy of the ANSWER OF GP AVIATION in the following manner:

By mailing the same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York, addressed to the last known of the addressee(s) as follows:

BAKER LESHKO SALINE & BLOSSER, LLP
One North Lexington Avenue
White Plains, New York 10601-1712


Sworn to before me this
11th day of July 2008              ___/s/_____
                                                            LINDA ARCARA


__/s/_____
          Notary Public

**NORA ULE ROSE**
**NOTARY PUBLIC-STATE OF NEW YORK**
**No.  02RO6168276**
**Qualified in Brooklyn County**
**My Commission Expires June 11, 2011**