**BAKER, LESHO, SALINE & BLOSSER, LLP**
*Attorneys for Plaintiff*

One North Lexington Avenue
White Plains, New York 10601
914.681.9500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HEATHER L. EASON,                           :

                    Plaintiff,            :

      -against-                              :

GP AVIATION SERVICES, LLC,                   :
EAST WEST FLIGHT, LLC and
THOMAS CONNELLY,                             :

               Defendants.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 Civ. 3557 (SCR)

PLAINTIFF'S RESPONSE
TO DEFENDANT'S
FIRST SET OF
<u>INTERROGATORIES</u>

PLEASE TAKE NOTICE, that Plaintiff, Heather Eason, by her attorneys, Baker, Leshko, Saline & Blosser, LLP, responding to Defendant's First Set of Interrogatories Propounded to Plaintiff, states as follows:

**INTERROGATORY 1:**  Identify all injuries, illnesses or disabilities referred to in the Complaint or which you otherwise claim to have received or suffered as a result of the incident alleged in the Complaint (the "Injuries") and state how the Injuries have manifested themselves. With respect to each of the Injuries, state whether or not you have now fully recovered therefrom. If so, state the approximate date upon which recovery was complete; and if it is not, state whether it is contemplated that the Injuries will be permanent.

**RESPONSE 1:**  Plaintiff suffered a Type II or Type III AC separation of her right shoulder which required surgery. As a result, she has a permanent loss or range of motion in the right

1

shoulder and suffers from weekly migraines. There were also psychological injuries suffered as

a result of the incident.

**INTERROGATORY 2**:     With regard to the Injuries, list the name and address of each and every medical practitioner or other person or hospital, clinic, sanitarium, rest home or other institutions visited by you or in which you were confined for the purpose of consultation, diagnosis, x-rays, treatment or other care, specifying the date of such visits or the period of time of such confinements.

**RESPONSE 2:**

1.  Dr. Glen Bradish, Andover Orthopedic Surgery & Sports Medicine, 280 Newton-Sparta Road, Suite 4, Newton, New Jersey.

2.  Mara Physical Therapy, 212 State Route 94, #2-F, Vernon, New Jersey.

3.  Dr. John Vitolo, 89 Spartat Avenue, Suite 220, Sparta, New Jersey.

4.  Saint Clare's Hospital/Dover, 400 West Blackwell Street, Dover, New Jersey.

5.  Sparta Orthopedic and Sports Physical Therapy, 1A Main Street, #7, Sparta, New Jersey.

6.  Dr. Steven Lomazow, 50 Newark Avenue, Suite 104, Belleville, New Jersey.

7.  Dr. Arthur Tiger, 600 Mt. Pleasant Avenue, Dover, New Jersey.

8.  Advanced Imaging Associates, Sterling Plaza, 517S, Franklin, New Jersey.

9.  Unknown Urgent Care Facility in Austin, Texas.

10. Psychologist, whose identity is unknown at the present time.

Please see medical reports for accurate dates of visits and periods of confinements.

**INTERROGATORY 3**:     State each and every diagnosis and prognosis in connection with the Injuries and indicate by whom such diagnosis and/or prognosis was made.

**RESPONSE 3:**    Dr. Vitolo diagnosed the shoulder separation and performed the surgery.

Dr. Tiger gave the prognosis that the injuries were permanent.

**INTERROGATORY 4**:    State whether any of the Injuries is permanent, and, if any are permanent, state which Injuries are permanent.

**RESPONSE 4:**    See Response 1.

**INTERROGATORY 5**:    State where and when the incident alleged in the Complaint occurred.

**RESPONSE 5:**    The incident occurred on February 12, 2007.  At the time of the occurrence Plaintiff was aboard an aircraft which, upon information and belief, was flying over Texas.

**INTERROGATORY 6**:    Identify all witnesses to the incident alleged in the Complaint.

RESPONSE 6:    The witnesses to the incident were, Plaintiff, David Solomon, Gary Trageser, Thomas Connelly, Elaine Lapitosky of Jet Professionals, Pam Kornayk, Nancy Gerherdt, Richard Conrad of GP Aviation, Rob Liplsky, and the doctors stated in Response 2.

**INTERROGATORY 7**:    State what you were doing at the time you sustained the Injuries.

**RESPONSE 7:**    At the time plaintiff sustained her injuries she was walking about the cabin performing her typical duties as flight attendant.  She had gone to the back lavatory to retrieve certain instruments needed to give Mr. Solomon a haircut and was returning to the front cabin when the incident occurred.

**INTERROGATORY 8**:    With regard to any injuries, illnesses, or disabilities you previously or subsequently sustained to the same bodily parts as those which you allege were injured at the time of the incident alleged in the Complaint (the "Other Injuries;), identify any such Other

Injuries and state when and where you sustained them and for what period of time you suffered therefrom.

**RESPONSE 8:**     Not applicable.

**INTERROGATORY 9:**     With regard to any Other Injuries, state how such injuries have manifested themselves and state whether or not you have now fully recovered therefrom. If so, state the approximate date upon which recovery was complete; and if it is not, state whether it is contemplated that the injuries will be permanent.

**RESPONSE 9:**     Not applicable.

**INTERROGATORY 10:**     With regard to any Other Injuries, list the name and address of each and every medical practitioner or other person or hospital, clinic, sanitarium, rest home or other institution visited by you or in which you were confined for the purpose of consultation, diagnosis, x-rays, treatment or other care, specifying the date of such visits or the period of time of such confinements.

**RESPONSE 10:**     Not applicable.

**INTERROGATORY 11:**     State whether you claim that, as a result of the incident alleged in the Complaint, you have sustained or will sustain any financial loss, including loss of, damage to or destruction of property, in addition to those items already noted in your answers to any of the preceding interrogatories? If so, describe each such loss in detail, indicating the date(s) of loss and amount(s) thereof.

**RESPONSE 11:**     Plaintiff has sustained financial loss as a result of the incident. Please see attached Lost Earning Analysis.

**INTERROGATORY 12:**     Itemize the basis for your computation of the amount of damages, including special damages, for which judgment is sought in your Complaint in this action.

**RESPONSE 12**: The loss earnings reports was calculated by taking what Ms. Eason could

have made as a flight attendant, $100,000.00 per year, increased by Three (3%) percent per annum, compared with what she can make now which is $20,000.00 per year, increased by Three (3%) percent per annum. The analysis used a discount rate of Five (5%) percent. Special damages include, but are not necessarily limited to, anesthesiology, approximately $2,000.00; neurologist, approximately $300.00; ice pack machine, approximately $300.00; and sling, approximately $20.00.

**INTERROGATORY 13**: Specify all of the facts upon which it is claimed that defendants negligent or otherwise acted improperly, and how that alleged negligence, action or inaction caused or contributed to the Injuries alleged in the Complaint.

**RESPONSE 13**: Defendant Thomas Connelly was negligent in piloting the aircraft through turbulent areas in an improper fashion, without the proper training and experience, and did not take the proper efforts to remove the aircraft in a proper fashion from the turbulent area; and failure to warn plaintiff of the dangers and conditions confronted. Defendant GP Aviation and East West Flight (as well as Madison Tyler) were negligent in their retention of Thomas Connelly, failure to properly train him on the aircraft in question and are otherwise liable derivatively as they were responsible for the operation and maintenance of the aircraft.

**INTERROGATORY 14**: If you claim that defendants violated any statutes, ordinances, regulations or rules of any governmental entity in connection with the alleged incident, identify each such statute, ordinance, regulation or rule and the manner in which you contend that the violation thereof caused or contributed to the incident alleged in the Complaint.

**RESPONSE 14**: None known at the present time.

5

**INTERROGATORY 15:** Have you commenced any action or proceeding other than the instant suit to recover for any injuries you sustained to the same bodily parts as those which you alleged were injured in the instant matter. If so, specify: the title of said action or proceeding, including the names of all plaintiffs and all defendants and the names of the court where each such action or proceeding is pending or was brought and the docket number thereof.

**RESPONSE 15:**     A Worker's Compensation claim was commenced within the State of New Jersey through the services of Kevin Kutyla, (973) 579-5700.

Dated: White Plains, New York

8.4.08

**BAKER, LESHKO, SALINE & BLOSSER, LLP**
*Attorneys for Plaintiff*

By:_____
        Mitchell J. Baker
One North Lexington Avenue
White Plains, New York 10601
914.681.9500

To:     McKEEGAN & SHEARER, P.C.
        *Attorneys for Defendants*
        192 Lexington Avenue
        New York, New York 10016
        212.661.4200

# Heather Eason - Lost Earning Analysis

| Year | Age | Pre-Accident Earnings | Post Accident Earnings | Difference |
|------|-----|----------------------|------------------------|------------|
| 2007 | 23 | $100,000.00 | $20,000.00 | $80,000.00 |
| 2008 | 24 | $103,000.00 | $20,600.00 | $82,400.00 |
| 2009 | 25 | $106,090.00 | $21,218.00 | $84,872.00 |
| 2010 | 26 | $109,272.70 | $21,854.54 | $87,418.16 |
| 2011 | 27 | $112,550.88 | $22,510.18 | $90,040.70 |
| 2012 | 28 | $115,927.41 | $23,185.48 | $92,741.93 |
| 2013 | 29 | $119,405.23 | $23,881.05 | $95,524.18 |
| 2014 | 30 | $122,987.39 | $24,597.48 | $98,389.91 |
| 2015 | 31 | $126,677.01 | $25,335.40 | $101,341.61 |
| 2016 | 32 | $130,477.32 | $26,095.46 | $104,381.85 |
| 2017 | 33 | $134,391.64 | $26,878.33 | $107,513.31 |
| 2018 | 34 | $138,423.39 | $27,684.68 | $110,738.71 |
| 2019 | 35 | $142,576.09 | $28,515.22 | $114,060.87 |
| 2020 | 36 | $146,853.37 | $29,370.67 | $117,482.70 |
| 2021 | 37 | $151,258.97 | $30,251.79 | $121,007.18 |
| 2022 | 38 | $155,796.74 | $31,159.35 | $124,637.39 |
| 2023 | 39 | $160,470.64 | $32,094.13 | $128,376.52 |
| 2024 | 40 | $165,284.76 | $33,056.95 | $132,227.81 |
| 2025 | 41 | $170,243.31 | $34,048.66 | $136,194.64 |
| 2026 | 42 | $175,350.61 | $35,070.12 | $140,280.48 |
| 2027 | 43 | $180,611.12 | $36,122.22 | $144,488.90 |
| 2028 | 44 | $186,029.46 | $37,205.89 | $148,823.57 |
| 2029 | 45 | $191,610.34 | $38,322.07 | $153,288.27 |
| 2030 | 46 | $197,358.65 | $39,471.73 | $157,886.92 |
| 2031 | 47 | $203,279.41 | $40,655.88 | $162,623.53 |
| 2032 | 48 | $209,377.79 | $41,875.56 | $167,502.23 |
| 2033 | 49 | $215,659.13 | $43,131.83 | $172,527.30 |
| 2034 | 50 | $222,128.90 | $44,425.78 | $177,703.12 |
| 2035 | 51 | $228,792.77 | $45,758.55 | $183,034.21 |
| 2036 | 52 | $235,656.55 | $47,131.31 | $188,525.24 |
| 2037 | 53 | $242,726.25 | $48,545.25 | $194,181.00 |
| 2038 | 54 | $250,008.03 | $50,001.61 | $200,006.43 |
| 2039 | 55 | $257,508.28 | $51,501.66 | $206,006.62 |
| 2040 | 56 | $265,233.52 | $53,046.70 | $212,186.82 |
| 2041 | 57 | $273,190.53 | $54,638.11 | $218,552.42 |
| 2042 | 58 | $281,386.25 | $56,277.25 | $225,109.00 |
| 2043 | 59 | $289,827.83 | $57,965.57 | $231,862.27 |
| 2044 | 60 | $298,522.67 | $59,704.53 | $238,818.13 |
| 2045 | 61 | $307,478.35 | $61,495.67 | $245,982.68 |
| 2046 | 62 | $316,702.70 | $63,340.54 | $253,362.16 |
| 2047 | 63 | $326,203.78 | $65,240.76 | $260,963.02 |
| 2048 | 64 | $335,989.89 | $67,197.98 | $268,791.91 |
| 2049 | 65 | $346,069.59 | $69,213.92 | $276,855.67 |
| | | | **NPV of Difference** | **$2,250,472.42** |

Prepared 7.25.08